IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 5, 2019

**STATE OF TENNESSEE v. CHRITERIS ALLEN**

**Appeal from the Circuit Court for Madison County**
**No. 18-446    Roy B. Morgan, Jr., Judge**

_____

**No. W2019-01038-CCA-R3-CD**

_____

The Madison County Grand Jury indicted Defendant, Chriteris Allen, in two separate indictments, each containing four counts.  In Case Number 18-1445, Defendant was indicted for aggravated robbery in count one, aggravated sexual battery in count two, aggravated burglary in count three, and especially aggravated kidnapping in count four.  In Case Number 18-1446, Defendant was indicted for aggravated burglary in count one, especially aggravated kidnapping in count two, aggravated robbery in count three, and aggravated rape in count four.  Defendant submitted an open guilty plea on all counts.  The trial court sentenced him to an effective sentence of forty-four years at one hundred percent.  On appeal, Defendant argues that his sentence is excessive.  After a thorough review of the record and applicable case law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

George Morton Googe, District Public Defender, and Jeremy B. Epperson, Assistant District Public Defender, Jackson, Tennessee, for the appellant, Chriteris Allen.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Lee R. Sparks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

At the guilty plea submission hearing, the State and Defendant stipulated to the facts alleged in the indictments as supporting the guilty pleas. The facts alleged include the following:

| Count | Victim | Facts |
|---|---|---|
| 18-1445, count one | L.E.[1] | Defendant, while armed with a deadly weapon, unlawfully, knowingly, and/or intentionally put the victim in fear or used violence to obtain property with the intent to deprive the owner of the property. |
| 18-1445, count two | L.E. | Defendant, while armed with a weapon, unlawfully, recklessly, forcibly, and/or coercively engaged in sexual contact with the victim. |
| 18-1445, count three | L.E. | Defendant unlawfully entered a habitation without the effective consent of the owner and with the intent to commit a felony. |
| 18-1445, count four | L.E. | Defendant, while armed with a deadly weapon, unlawfully and knowingly removed and/or confined the victim so as to substantially interfere with her liberty. |
| 18-1446, count one | B.C. | Defendant unlawfully entered a habitation without the effective consent of the owner and with the intent to commit theft of property. |
| 18-1446, count two | B.C. | Defendant, while armed with a deadly weapon, unlawfully and knowingly removed and/or confined the victim so as to substantially interfere with her liberty. |
| 18-1446, count three | B.C. | Defendant, while armed with a deadly weapon, unlawfully, knowingly, and/or intentionally put the victim in fear or used violence to obtain property with the intent to deprive the owner of the property. |
| 18-1446, count four | B.C. | Defendant, while armed with a deadly weapon, intentionally, knowingly, forcibly, and/or recklessly sexually penetrated the victim. |

The presentence report for Case Number 18-1445 detailed the following events:

---

[1] It is the policy of this court to designate the victims of sexual offenses by initials or other designators, not by name.

On November 10th, 2017 at approximately 2:00 PM, [L.E.] and her two small children arrived at her home located [on] Old Hickory B[oulevard]. As [L.E.] approached the door to her residence, she was confronted by an unknown [] who was brandishing a handgun. The [] male, later positively identified as [Defendant], ordered [L.E.] and her children into the apartment. [Defendant] ordered the children into their room and demanded money from [L.E.] whom he was holding at gunpoint. During the robbery [L.E.]'s children came out of their room. [Defendant] ordered them back into their room and fired his gun into [L.E.]'s couch. [Defendant] then demanded that [L.E.] remove her clothing and lie on the floor. [Defendant] pointed his gun at [L.E.] as she removed her clothing and laid [sic] on the floor. [Defendant] laid [sic] on top of [L.E.] and rubbed his penis on her buttocks while holding a gun to her head. After robbing and sexually assaulting [L.E.], [Defendant] ran from [L.E.]'s apartment and fled across Old Hickory B[oulevard].

The presentence report for Case Number 18-1446 detailed the following events:

On November 27th, 2017 at approximately 12:30 pm, [B.C.] was at her residence [on] Woodmoss Cove in Jackson, TN. [B.C.] answered a knock at her front door and spoke to an unknown [] male, later positively identified as [Defendant], who asked to borrow flour. When [B.C.] returned to the door with the flour, [Defendant] pulled out a handgun. [Defendant] forced his way into the home and demanded money from [B.C.]. [Defendant] forced [B.C.] to a rear bedroom of the home where she was bound and raped by [Defendant]. After raping [B.C.], he began gathering items from the home to include a Playstation and [B.C.]'s phone. [Defendant] took [B.C.]'s driver[']s license and placed it in his jacket pocket. Other items were placed in a backpack which belonged to [B.C.]'s child. [Defendant] forced [B.C.] from her home and into her vehicle while still at gunpoint. [Defendant] directed [B.C.] to drive him away from her home. [Defendant] instructed [B.C.] to stop at the intersection of Greenfield and Foxlea where he fled her vehicle with the backpack containing her property. As [Defendant] exited the vehicle, [B.C.] sped off and went to safety where she called the police.

At the guilty plea submission hearing, Defendant agreed that trial counsel had explained each of the counts as alleged in the indictments. Defendant agreed that the facts as alleged in the indictments were correct and requested that the trial court accept

his pleas of guilty. The trial court accepted Defendant's pleas of guilty on all eight counts.

On June 18, 2019, the trial court conducted a sentencing hearing. [B.C.] testified that Defendant raped, robbed, and kidnapped her. She said that Defendant "destroyed [her] life" and "took everything from [her] in a matter of minutes." [B.C.] testified that, after the rape, she and her four children "couldn't go back home" and that they spent time in a shelter. She said she "always [felt] triggered . . . near any man, and [her] heart beat[] faster and [she felt] unsafe, like something bad [was] going to happen." [B.C.] was diagnosed with post-traumatic stress disorder. Additionally, her children have all "struggled with behavior challenges because they've lost all stability."

[B.C.] stated that she suffered "three lacerations from rape and all the obvious soreness" and that having the rape kit completed at the hospital was traumatizing because she was "naked and exposed and touched all over again." She said that she feared a possible pregnancy from the rape or that she may have contracted an illness from Defendant that she could have passed on to her nursing baby.

In sentencing Defendant, the trial court considered the presentence report, the purposes and principles of sentencing, arguments of counsel, testimony of [B.C.], the nature of the crimes involved, and Defendant's potential for rehabilitation. The trial court discussed the State's requested enhancement factors and found Defendant had a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range due to prior convictions for theft, aggravated rape, and aggravated robbery, as well as the eight counts in the present case. The trial court found that no mitigating factors applied and sentenced Defendant as follows:

| Indictment | Offense | Victim | Sentence |
|---|---|---|---|
| 18-1445 Count 1 | Aggravated robbery | L.E. | 10 years with 85% release eligibility |
| 18-1445 Count 2 | Aggravated sexual battery | L.E. | 10 years with 100% release eligibility |
| 18-1445 Count 3 | Aggravated burglary | L.E. | 5 years with 30% release eligibility |
| 18-1445 Count 4 | Especially aggravated kidnapping | L.E. | 22 years with 100% release eligibility |
| 18-1446 Count 1 | Aggravated burglary | B.C. | 5 years with 30% release eligibility |
| 18-1446 Count 2 | Especially aggravated kidnapping | B.C. | 22 years with 100% release eligibility |
| 18-1446 Count 3 | Aggravated robbery | B.C. | 10 years with 85% release eligibility |

- 4 -

| 18-1446 Count 4 | Aggravated rape | B.C. | 22 years at 100% release eligibility |

The trial court discussed consecutive sentencing and found that Defendant had an extensive criminal record and that Defendant was a dangerous offender. The trial court stated that "the circumstances surrounding the commission of the offense [were] aggravated" and that "the aggregate length of the sentences reasonably relate[d] to the offense[s]" of conviction. The trial court ordered that the sentences for "the counts within each docket number will be concurrent" but ordered the sentences in the two indictments to run consecutively, for an effective sentence of forty-four years at one hundred percent release eligibility.

## Analysis

Defendant argues that the trial court failed to properly consider mitigating factors and that the imposition of consecutive sentences is not supported by the record. The State responds that the trial court did not abuse its discretion in its consideration of mitigating factors and that the record supports the trial court's imposition of consecutive sentences based on its finding that Defendant had an extensive criminal history and was a dangerous offender.

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* Tenn. Code Ann. § 40-35-210; *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of

potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103 (2019).

To facilitate meaningful appellate review, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-35-210(e) (2019); *Bise*, 380 S.W.3d at 706. However, "[m]ere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401 (2019), Sentencing Comm'n Cmts.

The sentence range for a Range I standard offender for a conviction for aggravated robbery and aggravated sexual battery, Class B felonies, is eight to twelve years. Tenn. Code Ann. § 40-35-112 (2019). For especially aggravated kidnapping and aggravated rape, the sentence range for a Range I standard offender is fifteen to twenty-five years. *Id*. The sentence range for a Range I standard offender for aggravated burglary, a Class C felony, is three to six years. *Id*. There is no release eligibility for convictions for especially aggravated kidnapping, aggravated sexual battery, or aggravated rape. Tenn. Code Ann. § 40-35-501(i)(2) (2019). Aggravated robbery has a release eligibility of eighty-five percent. Tenn. Code Ann. § 40-35-501(k)(1) (2019).

*Mitigating Factors*

Defendant argues that the trial court abused its discretion in failing to apply mitigating factor (6), that Defendant "because of youth or old age, lacked substantial judgment in committing the offense[.]" Tenn. Code Ann. § 40-35-113(6) (2019). Defendant also contends that the trial court erred in failing to apply the "catchall" mitigating factor, because he voluntarily released the victims alive. Tennessee Code Annotated section 40-35-113(13)(2019) ("any other factor consistent with the purposes of this chapter"). *See* Tenn. Code Ann. § 39-13-305(b)(2) (2019) (stating that "[i]f the offender voluntarily releases the victim alive . . . such actions shall be considered by the court as a mitigating factor at the time of sentencing" for a conviction for especially aggravated kidnapping).

As to mitigating factor (6), he trial court stated, "I could not accept that in any way as a mitigating factor in this case." Although Defendant was only eighteen years old at the time of the offenses, he had several pending indictments out of Rutherford County for crimes of violence and a reported December 11, 2018 conviction for aggravated rape and aggravated robbery in Rutherford County for which he had not been sentenced. It was within the trial court's discretion whether to apply mitigating factor (6). Mitigating and enhancement factors are advisory only, and the weight to be given to those factors is

entirely within the trial court's discretion. *Bise*, 380 S.W.3d at 701; *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). The trial court imposed within-range sentences and acted within its discretion in declining to apply mitigating factor (6).

In regards to mitigating factor (13), Defendant's voluntary release of the victims, the trial court stated:

> I know what the statute says, certainly that the victim was released, the victims in these cases. The fact [D]efendant confessed, he cooperated, I don't know that that's a mitigating factor after all that's been done to commit these serious, serious crimes themselves. So I just can't give any real weight to that as a mitigating factor.

Tennessee Code Annotated section 39-13-305(b)(2) requires trial courts to consider the voluntary safe release of the victims of especially aggravated kidnapping as a mitigating factor. The trial court in this case did consider the fact that the victims were released but determined that the factor was entitled to little or no weight. The weight to be given to mitigating and enhancement factors is entirely within the trial court's discretion. *Bise*, 380 S.W.3d at 701; *Carter*, 254 S.W.3d at 345. The trial court did not abuse its discretion in giving little or no weight to mitigating factor (13).

*Consecutive Sentencing: Extensive Criminal History*

Defendant argues that, because he only had juvenile criminal history prior to the offenses in these cases, the trial court improperly found him to have an extensive criminal history "based on only two episodes of wrongdoing[.]" The State responds that the trial court acted within its discretion in imposing consecutive sentences because Defendant had an extensive record of criminal history.

In *State v. Pollard*, the Tennessee Supreme Court expanded its holding in *Bise* to trial courts' decisions regarding consecutive sentencing. *State v. Pollard*, 432 S.W.3d 851, 859 (Tenn. 2013). "The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that[] . . . [t]he defendant is an offender whose record of criminal activity is extensive[.]" Tenn. Code Ann. § 40-35-115(b)(2) (2019). This factor has been interpreted "to apply to offenders who have an extensive history of criminal convictions and activities, not just to a consideration of the offenses before the sentencing court." *State v. Palmer*, 10 S.W.3d 638, 647-49 (Tenn. Crim. App. 1999). Additionally, "an extensive record of criminal activity may include criminal behavior which does not result in a conviction." *State v. Koffman*, 207 S.W.3d 309, 324 (Tenn. Crim. App. 2006). Trial courts may consider juvenile criminal history in determining whether a defendant has an "extensive criminal history" for the purposes of consecutive sentencing. *State v. Banks*, 271 S.W.3d 90, 147-148 (Tenn. 2008). Any one ground set

out in Tennessee Code Annotated section 40-35-115(b) is "a sufficient basis for the imposition of consecutive sentences." *Pollard*, 432 S.W.3d at 862 (citing *State v. Dickson*, 413 S.W.3d 735, 748 (Tenn. 2013)). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.* (citing Tenn. R. Crim. P. 32(c)(1)).

Here, the trial court considered the presentence report, which detailed several pending juvenile charges and two adult convictions in Rutherford County. Defendant was arrested in August 2017 for three counts of aggravated robbery, three counts of robbery, one count of assault resulting in bodily injury, and one count of theft of property valued less than $1000. While Defendant was out on bond for the juvenile counts, he raped and robbed another woman in Rutherford County and was convicted of aggravated rape and aggravated robbery in that case in December 2018. In the present case, Defendant pled guilty to eight felony counts. Defendant clearly had an extensive criminal history, and the trial court did not abuse its discretion by imposing consecutive sentences.

*Consecutive Sentencing: Dangerous Offender*

Defendant agrees that the trial court mentioned the *Wilkerson* factors but argues that it "failed to make specific factual findings to support the imposition of consecutive sentencing." The State responds that the trial court "specifically concluded that the consecutive sentence reasonably related to the severity of the offense and that the nature of the offenses presented a danger to the public."

Tennessee Code Annotated section 40-35-115 sets forth seven different situations in which a trial court may impose consecutive sentencing, including when "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high[.]" Tenn. Code Ann. § 40-35-115(b)(4); *see State v. Wilkerson*, 905 S.W.2d 933, 936 (Tenn. 1995). Before a trial court may impose consecutive sentences on the basis that a defendant is a dangerous offender, the trial court must also find "that an extended sentence is necessary to protect the public against further criminal conduct by the defendant and that the consecutive sentences . . . reasonably relate to the severity of the offenses committed." *Wilkerson*, 905 S.W.2d at 939. In order to limit the use of the "dangerous offender" category to cases where it is warranted, our supreme court has stated that the trial court must make specific findings about "particular facts" which show that the *Wilkerson* factors apply to the defendant. *State v. Lane*, 3 S.W.3d 456, 461 (Tenn. 1999). "The mere recitation of the *Wilkerson* factors is not a substitute for the requirement of making specific findings." *State v. Prentice C. Calloway*, No. M2004-

01118-CCA-R3-CD, 2005 WL 1307800, at *13 (Tenn. Crim. App. June 2, 2005), *no perm. app. filed*.

Here, the trial court stated:

Number 4, [Defendant] is a dangerous offender whose behavior indicates little or no regard for human life, no hesitation about committing a crime to which the risk to human life is high. If I apply that [factor], the [c]ourt has to go on under the law and consider the finding of two more factors, the circumstances surrounding the commission of the offense are aggravated, and, the aggregate length of the sentence reasonably relates to the offense of which the defendant stands convicted. The [c]ourt finds those factors are properly weighed in and applied here for purposes of consecutive sentencing. So I find the extensive record, and then I find, again, the Defendant is a dangerous offender with all those clarifications and those specific findings of the factors applying. And I think that's very important that you understand that. That's A and B do apply in this case.

Here, the trial court's mere recitation of the *Wilkerson* factors was insufficient for the application of the "dangerous offender" factor because the trial court failed to make specific findings. However, while "the trial court failed to make the requisite findings in consideration of the dangerous offender factor," we note that "only one consecutive sentencing factor needs to exist to support the imposition of consecutive sentences." *State v. Dondrinkus T. Dickerson*, No. M2015-00012-CCA-R3-CD, 2016 WL 304403, at *8 (Tenn. Crim. App. Jan. 26, 2016), *no perm. app. filed*. The trial court properly applied the extensive criminal history factor when it imposed consecutive sentences. Defendant is not entitled to relief.

## Conclusion

Based on the foregoing reasons, the judgments of the trial court are affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 9 -